IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVEREST NATIONAL INSURANCE CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.  08-642 |
| J. DANIEL BRETT & CO., P.C. | : | |
| J. DANIEL BRETT , CPA, | | |
| MICHAEL LOSTRACCO, CPA | | |
| VENEESA, INC. | | |
| JOSEPH VENTESCA, | | |
| KATHLEEN VENTRESCA, | | |
| THOMAS STEVENSON | | |
| TERRI STEVENSON | | |

**MEMORANDUM AND ORDER**

Plaintiff, Everest National Insurance Company ("ENIC") seeks a declaratory judgment pursuant to U.S.C. § 2201 - 2202, that it does not owe a duty to defend or indemnify certain insureds in an accountants professional liability policy which it issued to the Defendant, J. Daniel Brett & Co., P.C.  for the policy period July 11, 2007 through July 11, 2008.  After a review of the pleadings, the Court has concluded that the Motion for judgment on the pleadings should be granted because the undisputed facts show that ENIC is entitled to the relief which it seeks in the complaint.

I  -  Parties and Procedures

There are three separate sets of Defendants in this case.

The first set are the insureds, which include the named insured J. Daniel Brett & Co., P.C., an accounting firm, and two individual certified public accountants who are insured under that policy, J. Daniel Brett and Michael Lostracco.  The second set of Defendants consist of a corporation, Veneesa, Inc., for which the accountants performed professional services, and two

individuals who allegedly control Veneesa, Joseph Ventresca and Kathleen Ventresca.

The third set of Defendant are Thomas Stevenson and Terri Stevenson, who were employed by Veneesa and allegedly defrauded it. Although named as Defendants the Stevenson Defendants did not respond to the complaint and default has been entered against them.

Following answers to the complaint, ENIC has moved for Judgment on the Pleadings under Rule 12(c), F. R. Civ. P., asserting that it does not owe defense or indemnity to the named insureds for a lawsuit filed against them in the Bucks County Court of Common Pleas (No. 0707016) in which the Plaintiffs are Veneesa and the Ventrescas and the Defendants are the Stevensons and the named insureds.

II - Undisputed Facts

The material undisputed facts are as follows:

1. On August 24, 2007, Veneesa, Inc., Joseph Ventresca and Kathleen Ventresca filed the underlying complaint against Thomas Stevenson, Terri Stevenson, J. Daniel Brett & Co., P.C., J. Daniel Brett, CPA and Michael LoStracco, CPA in the Court of Common Pleas of Bucks County, Pennsylvania, (No. 0707016).

2. The underlying complaint alleges, inter alia, that it "involves a president [Thomas Stevenson] of a corporation [Veneesa, Inc.] who, for nearly six years, fraudulently and illegally misappropriated funds, shared the benefits of said funds with his wife [Terri Stevenson], and used the services of another officer of the corporation [Michael LoStracco] as well as the corporation's Certified Public Accountants [J. Daniel Brett & Co., P.C.; J. Daniel Brett] to cover up his actions."

3. ENIC issued the Policy to named insured J. Daniel Brett & Company, PC for the policy period July 11, 2007 through July 11, 2008. The Policy provides coverage for inter alia,

legal liability arising out of certain designated professional services (i.e., accounting services) subject to various exclusions, conditions, and limitations.

4.   Pursuant to Section III(B)(2) of the Policy, J. Daniel Brett, CPA is an Insured under the Policy for professional services performed within the scope of his duties on behalf of Daniel Brett & Co., P.C.  Id.  Pursuant to that same section, Michael LoStracco, CPA is an Insured under the Policy for professional services performed within the scope of his duties on behalf of J. Daniel Brett & Co., P. C.  Id.

5.   Section II ("Exclusions") of the Policy, at Exclusion E, provides as follows:

This policy does not apply to any **claim**:

> E.   arising out of any Insured's involvement in, or **professional services** performed for, any entity not named in the Declarations if, at the time the **professional services** are performed, an Insured is an officer, director, partner, member, manager or employee of such entity or an Insured or combination of Insureds hold than a 15% ownership in such entity;

6.   Venessa, Inc. is an entity that is not named in the Declarations of the ENIC Policy.

7.   The claims in the underlying complaint arise out of the professional services performed for Veneesa by Brett and LoStracco,, and when these services were performed, LoStracco was also an officer, agent and shareholder of Vaneesa and Vaneesa is not named in the Policies Declarations.

### III - Defendants Contentions

Responses to the Motion for judgment on the pleadings have been filed by all Defendants, with separate memoranda on behalf of J. Daniel Brett & Co., P.C.  and Brett individually (Doc. No. 28), on behalf of LoStracco, (Doc. No. 26), and on behalf of Vaneesa and the Vantrescas (Doc. No. 29).  All of the responses make similar arguments, that several allegations of the

complaint assert claims which do not relate to Defendant LoStracco's alleged double employment by the Brett, P.C. and by Vaneesa.

Defendants contend Count IX, which asserts a professional liability claim by the Ventrescas individually against LaStracco, does not in any way relate to Veneesa or his relationship with Veneesa. The Brett Defendants point to the allegation of Count XIV entitled "Agency," in which all the Plaintiffs sue the Brett PC, asserting that it is liable for the negligent acts of Brett and LoStracco individually, as agents of Brett. Defendants correctly cite Pennsylvania law that an insurer has a duty to defend if the Complaint filed by the insured party potentially comes within the policy's coverage, even if only a single claim in a multi-claim lawsuit is potentially covered. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2002). Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999).

IV - Plaintiff's Contentions

Defendants' reliance on Coregis Ins. Co. v. Bartos, Broughal & Devito, 37 F. Supp. 2d 391 (E.D. Pa. 1999), which is analogous on the facts, upheld a similar exclusionary clause and is not refuted by Plaintiffs.

This Court previously summarized the duty to defend in Nutrisystem, Inc. v. National Fire Ins. Co. of Hartford, 2004 WL 2646598 *3 (E.D. Pa Nov. 19, 2004).

> The duty to defend is triggered if the underlying complaint avers any facts that potentially could support a recovery under the policy. The obligation to defend is determined solely by the allegations of the complaint which are accepted as true and liberally construed in favor of the insured. If a single claim in a complaint is potentially covered, the insurer must defend all claims until there is no possibility of recovery on a covered claim.

Furthermore, Pennsylvania Courts have consistently applied the rule that it is the allegations within the four corners of the underlying complaint that govern, State Farm &

Casualty Co. v. Czop, 2004 WL 632724 *3 (E.D. Pa. Feb. 11, 2004).

ENIC emphasizes (Doc. No. 33) that the counts which the Defendants contend show "potential" coverage incorporate by reference all of the prior allegations of the complaint (Paragraphs 15-38) which include the allegations of LoStracco's dual relationships with Brett and Veneesa, and that Veneesa is not named in the Policy Declarations.

Thus, the Court is forced to conclude that all the claims in the complaint "arise out of" the involvement of LoStracco in performing both professional services, and also serving in a capacity with Vaneesa covered by exclusion E.

Therefore, exclusion E of the Policy applies and coverage is precluded for the claims in the underlying complaint.

Although it may be the case that the allegations against the Defendants in the underlying complaint are broader than necessary for some of the specific counts, Pennsylvania cases consistently hold the allegations in the underlying complaint govern. Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 1999).

It is quite possible ,as noted in footnote 6 of Plaintiff's reply brief, that the Bucks County pleadings could be amended or the present case terminated and two separate cases proceed, in one of which coverage would arguably apply, but that is not the situation presently before the Court.

For the above reasons, the Court will grant the Plaintiff's Motion for Judgment on the pleadings.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVEREST NATIONAL INSURANCE CO. | : | CIVIL ACTION |
| v. | : | NO. 08-642 |
| J. DANIEL BRETT & CO., P.C.<br>J. DANIEL BRETT , CPA,<br>MICHAEL LOSTRACCO, CPA<br>VENEESA, INC.<br>JOSEPH VENTRESCA,<br>KATHLEEN VENTRESCA,<br>THOMAS STEVENSON<br>TERRI STEVENSON | : | |

**ORDER**

AND NOW, this 29th day of August, 2008, for the reasons stated in the foregoing Memorandum, IT IS HEREBY ORDERED,

1. Plaintiff's Motion for Entry of Default Judgment against Thomas and Terri Stevenson (Doc. No. 17) is Denied as Moot.

2. Final Judgment is entered in favor of Plaintiff Everest National Insurance Co. and against all other named Defendants J Daniel Brett & Co., P.C., J. Daniel Brett, CPA, Michael LoStracco, CPA, Veneesa, Inc., Joseph Ventresca, Thomas Stevenson, and Terri Stevenson.

3. The Clerk shall close this case.

BY THE COURT:

/s Michael M. Baylson

Michael M. Baylson, U.S.D.J.

A:\Everset v. Brett 08-642 MemoOrder version2.wpd